UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

IDELISA SARRIA ESTRADA                                    CASE NO. 24-14646-LMI
                                                          CHAPTER 7
        Debtor.
_____/

BMW BANK OF NORTH AMERICA,
a Utah industrial bank and a wholly owned
subsidiary of BMW Financial Services NA, LLC

        Plaintiff,
vs.                                                       ADV. PROC. NO.:

IDELISA SARRIA ESTRADA

        Defendant.
_____/

## COMPLAINT

Plaintiff, BMW Bank of North America, a Utah industrial bank and a wholly owned subsidiary of BMW Financial Services NA, LLC ("BMW"), files this Complaint against Defendant, Idelisa Sarria Estrada, and states:

1. This is an action to determine the non-dischargeability of debt, pursuant to 11 U.S.C. §523(a)(2) and objection to the Defendant's discharge, pursuant to 11 U.S.C. §727(c).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 157, 11 U.S.C. §523(a)(2) and 11 U.S.C. §727(c).

3. This adversary proceeding is a core proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §1409.

**PARTIES**

5.    BMW is an FDIC-insured Industrial Bank with its principal place of business located at 2855 East Cottonwood Parkway, Cottonwood Heights, UT 84121.

6.    The Defendant is *sui juris* and is a resident of Miami-Dade County, Florida, residing at 7291 W. 24th Avenue, Apartment 165, Hialeah, FL 33016.

7.    The Defendant is the Debtor in the underlying bankruptcy case.

**GENERAL ALLEGATIONS**

8.    On May 10, 2024, the Defendant filed a Chapter 7 Voluntary Petition for relief.

9.    On March 31, 2023, the Debtor executed a Retail Installment Sales Contract (the "Contract") for the purchase of the personal property described as follows: 2023 BMW X6 Utility 4D xDrive 40i AWD 3.0L I6 Turbo Hybrid; VIN: 5UXCY6C08P9R09659 ("Vehicle"). A true and correct copy of the Contract is attached hereto as Exhibit "A."

10.    The annual percentage rate indicated on the Contract is 9.99%.

11.    The Contract requires monthly payments towards the total financed amount of $1,878.76, beginning on May 15, 2023, and continuing monthly thereafter.

12.    By signing the Contract, the Debtor represented to BMW that she would make the required payments therein, not abandon the Vehicle, nor use it for hire.

13.    By signing the Contract, the Debtor further represented to BMW that she would only use the Vehicle for personal use and acknowledged that she had no right to assign any of her rights or obligations under the Contract.

14.    To obtain credit for the purchase of the Vehicle, the Debtor submitted a Consumer Credit Application to BMW on March 31, 2023. A copy of the Consumer Credit Application is attached hereto as Exhibit "B."

15. The Defendant signed, adopted and used the Consumer Credit Application to obtain credit for the purchase of the Vehicle.

16. The Defendant asserted that the information contained in the Consumer Credit Application was true and correct to the best of her knowledge.

17. In Part B of the Consumer Credit Application, the Defendant stated and/or caused to be stated that she was employed by RODAA Healthcare for five (5) and four (4) months.

18. In Part B of the Consumer Credit Application, the Defendant stated and/or caused to be stated that her annual salary while employed at RODAA Healthcare was $156,000.00.

19. The Defendant states, under penalty of perjury, in her Schedule I (ECF No. 1) that she was employed at Arts Amantis Corporation as an Assembler for six (6) years.

20. The Defendant states, under penalty of perjury, in her Statement of Financial Affairs that her gross income for January 1, 2023 through December 31, 2023 was $18,038.40.

21. The Defendant states, under penalty of perjury, in her Schedule E/F that the Vehicle was voluntarily surrendered in September 2023.

22. During the Defendant's Rule 2004 Examination on August 14, 2024, the Defendant testified under oath that approximately between March 2023 and April 2023 she financed the purchase of more than ten (10) vehicles.

23. During the Defendant's Rule 2004 Examination on August 14, 2024, the Defendant testified under oath that she purchased the vehicles, including BMW's Vehicle, with the intent to rent the vehicles through a purported rental company associated with an individual named, Dorkas Gonzalez.

24. During the Defendant's Rule 2004 Examination on August 14, 2024, the Defendant testified under oath that she transferred the vehicles, including BMW's Vehicle, to Dorkas Gonzalez

for no consideration.

25. BMW never received any payments towards the debt owed under the Contract from the Defendant or any agent of the Defendant.

26. As of the date of this Complaint, despite its best efforts to locate the Vehicle, BMW has not been able to locate or recover the Vehicle.

## COUNT I - §523(a)(2) FALSE PRETENSES

27. BMW realleges and incorporates by reference paragraphs 1-26 of this Complaint.

28. The Defendant intended to deceive BMW by knowingly and willingly implying through her conduct that she was employed at RODAA Healthcare with an annual salary of $156,000.00, that she would pay back the debt owed to BMW per the terms of the Contract, that she would not use the Vehicle for hire, that she would only use the Vehicle for her personal use and that she would not assign her rights or obligations under the Contract.

29. The Defendant did so to create a contrived and misleading understanding of the transaction and to wrongfully induce BMW into extending credit for the purchase of the Vehicle.

30. The Defendant instead had the intent to transfer the Vehicle to a purported rental car company, failed to make any payments to BMW under the terms of the Contract, and BMW has not recovered the Vehicle, despite its best efforts to recover the Vehicle.

31. BMW suffered damages because of the Defendant's conduct.

**WHEREFORE**, BMW prays for judgment determining the total amount of the debt owed to BMW as being a non-dischargeable obligation of the Defendant under 11 U.S.C. §523(a)(2), awarding attorneys' fees and costs pursuant to the terms of the Contract, and for such other and further relief as the Court deems appropriate.

## COUNT II - §523(a)(2) FALSE REPRESENTATION

32. BMW realleges and incorporates by reference paragraphs 1-26 of this Complaint.

33. The Defendant made express false and misleading statements when she stated and/or caused to be stated that she was employed at RODAA Healthcare with an annual salary of $156,000.00, that she would pay back the debt owed to BMW per the terms of the Contract, that she would not use the Vehicle for hire, that she would only use the Vehicle for her personal use and that she would not assign her rights or obligations under the Contract.

34. The Defendant had the intent to deceive BMW when making the statements and BMW justifiably relied on Defendant's statements and extended credit for the purchase of the Vehicle.

35. The Defendant made the statements in order to induce BMW to extend credit to the Defendant for the purchase of the Vehicle notwithstanding the Defendant's intent to transfer the Vehicle to a purported rental company and seek a discharge of the debt without making any payments to BMW under the terms of the Contract.

36. BMW suffered damages as a result of the Defendant's false representations.

**WHEREFORE**, BMW prays for judgment determining the total amount of the debt owed to BMW as being a non-dischargeable obligation of the Defendant under 11 U.S.C. §523(a)(2), awarding attorneys' fees and costs pursuant to the terms of the Contract, and for such other and further relief as the Court deems appropriate.

## COUNT III - §727(c) DENIAL OF DISCHARGE

37. BMW realleges and incorporates by reference paragraphs 1-26 of this Complaint.

38. During the Defendant's Rule 2004 Examination on August 14, 2024, the Defendant testified under oath that she purchased more than ten (10) vehicles, including BMW's Vehicle, with

the intent to rent the vehicles through a purported rental company associated with an individual named, Dorkas Gonzalez.

39. The Defendant states, under penalty of perjury, in her Schedule E/F that the Vehicle was voluntarily surrendered in September 2023, indicating that the Defendant had possession and/or control of the Vehicle at that time.

40. To date, BMW has not located or recovered the Vehicle, despite its best efforts in seeking to recover the Vehicle, pursuant to the terms of the Contract.

41. The Defendant never made a payment to BMW.

42. The Defendant intended to hinder, delay, or defraud BMW when she transferred or permitted to be transferred, and/or concealed or permitted to be concealed the Vehicle from BMW.

43. BMW objects to and seeks a denial of the Defendant's discharge, pursuant to 11 U.S.C. §727(c) as a result of the Defendant's conduct.

**WHEREFORE**, BMW prays for judgment denying the Defendant's discharge, pursuant to 11 U.S.C. §727(c), and for such other and further relief as the Court deems appropriate.

**Respectfully submitted this 11th day of October 2024.**

                                          **STEWART LEGAL GROUP, P.L.**

                                          */s/ Gavin N. Stewart*
                                          Gavin N. Stewart, Esquire
                                          Florida Bar Number 52899
                                          P.O. Box 5703
                                          Clearwater, FL 33758
                                          P: (727) 565-2653
                                          F: (727) 213-9022
                                          E: bk@stewartlegalgroup.com
                                          Counsel for BMW